T.C. Memo. 1997-439

UNITED STATES TAX COURT

SYED MOHAMMAD JAMEEL HASAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15950-94.                    Filed September 25, 1997.

Syed Mohammad Jameel Hasan, pro se.

<u>Christal W. Hillstead</u>, for respondent.

MEMORANDUM OPINION

FAY, <u>Judge</u>:  Respondent determined deficiencies of $6,611
and $5,753 in petitioner's 1990 and 1991 Federal income tax,
respectively.  The issues for decision are:  (1) Whether peti-
tioner is entitled to deduct passive activity losses claimed in

1990 and 1991, and (2) whether petitioner is entitled to a foreign tax credit of $55 for taxable year 1990.

When called for trial, the parties did not call any witnesses or present any evidence, but they offered a stipulation of facts and requested the Court to set dates on which to file briefs. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Cheney, Washington, at the time the petition was filed in this case.

For the years in issue, petitioner listed his occupation as a college professor in his 1990 and 1991 Federal income tax returns. In 1988, petitioner had purchased limited partnership interests in Intelligent Systems - Master Limited Partnership (Intelligent Systems), a partnership that was publicly traded on the American Stock Exchange. Intelligent Systems, a company that designs, manufactures, and markets microcomputer-related products, had converted from a corporation to a master limited partnership on December 31, 1986. The master limited partnership was subsequently converted back to a corporation on November 29, 1991. In 1990 and 1991, petitioner's share of the net ordinary losses suffered by Intelligent Systems was $28,666 and $20,340, respectively. Petitioner deducted these losses on his 1990 and 1991 Federal income tax returns.

Respondent, in the notice of deficiency, determined that these losses constituted passive activity losses, and only 10 percent of these losses were deductible for 1990, and none of the losses were deductible in 1991.  Further, for the taxable year 1990 respondent determined that petitioner was entitled to deduct an additional $1,520 for personal interest expense but disallowed a $55 foreign tax credit.  Respondent's determinations in the notice of deficiency are presumed correct, and petitioner bears the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[1]

Section 469 provides that passive activity losses of a publicly traded partnership (PTP) are allowed only to the extent of passive activity income from the same PTP.  Sec. 469(a),(k).  Disallowed passive activity losses must be carried forward and used to the extent of future income from the same PTP or used when the entire interest in that PTP is sold.  Sec. 469(b), (g), (k).  A PTP is one in which the interests are traded on an established securities market.  Sec. 469(k).  A "passive activity" is any activity involving the conduct of a trade or business in which the taxpayer does not materially participate.

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable years in issue.

Sec. 469(c). The record contains no evidence that petitioner participated in the operations of Intelligent Systems.

Petitioner, in his brief or otherwise, fails to make any credible argument that his share of the loss suffered by Intelligent Systems is anything but a passive activity loss. For example, on brief, he writes:

> It is inconsistent and unfair to allow some businesses effectively to integrate the corporate and shareholder level taxes, by simply choosing to operate on a PTP rather than corporation. The Congress has expressly **retained** the double taxation of corporate income. Similarly situated taxpayers--like the petitioner-- should be **treated the same**.

We do not see the import of petitioner's observations. Even if petitioner were treated the same as a corporate shareholder, the losses suffered by Intelligent Systems would be nondeductible by petitioner. We conclude that this argument, like the remainder of petitioner's arguments, lacks merit. Further, petitioner has put on no evidence to rebut any of respondent's determinations. Accordingly, we sustain the determinations in respondent's notice of deficiency.

For the foregoing reasons,

<u>Decision will be entered for respondent</u>.